## JONES v. LONGERBEAM.

A verdict on conflicting evidence is conclusive on appeal.

A written farm lease provided that, if one-half of the produce grown did not amount to the agreed rent, $700, $600 would be the rent for that year. The contract was modified orally thereafter so as to provide that, if the lessee would put the whole land to corn, and the corn crop failed, no rent was to be charged for that year. **Held,** that on putting the land to corn the oral agreement became executed within the statute providing that a written contract may be altered by an executed oral agreement.

**Held,** also, that the oral contract was definite and certain in its terms.

**Held,** also, that the oral agreement was based on sufficient consideration, since the lessee under the original lease might plant any crops he pleased, and under the modified lease was confind to a corn crop.

An executed oral agreement, which may be proved for the purpose of altering a previously written contract, must consist in the doing or the suffering of something not required to be done or suffered by the terms of the writing.

Where a party agrees to do or perform certain acts which he is required to do or perform by the terms of his original contract, there is no consideration for the new oral agreement.

(Opinion filed, February 10, 1909.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Isaac S. Jones against Elmer A. Longerbeam on an account. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Affirmed.

*Boyce & Warren* and *Rogde & Winans,* for appellant. *U. S. G. Cherry,* for respondent.

CORSON, J. This action was instituted by the plaintiff to recover from the defendant the sum of $655, balance due on account. Verdict and judgment being in favor of the defendant, the plaintiff has appealed. There are numerous items in the account on the part of the plaintiff, and the defendant pleaded counter-

claims involving a number of items claimed to be due the defendant from the plaintiff; but upon nearly all of these items there was a conflict in the evidence. Among the items on the part of the plaintiff claimed to be due from the defendant was $600 for the rent of certain premises in Minnehaha county leased to the defendant for the year 1902. As there was a conflict in the evidence as to the other items, appellant concedes that the verdict of the jury as to those items is conclusive upon this court, and hence the only question to be considered by this court is as to the $600 item.

On or about August 13, 1901, the plaintiff, through his attorney, W. S. Jones, leased to the defendant a tract of land in Minnehaha county, consisting of about 240 acres, for the period of one year, for the sum of $700, to be paid on the 1st day of January, 1903, the lease to commence on the 10th day of March, 1902, and it was stipulated in said lease that, if one-half of the produce of the farm for said year should not pay the rent of $700, then the rent for the said year should be $600. There was no stipulation in the lease as to the character of the crops which should be grown upon the land or the manner in which the same should be cultivated. The defendant in his answer alleged that after the making of the said lease, and with the knowledge and assent of the plaintiff, the said W. S. Jones entered into a further agreement with the defendant relative to the said lease, modifying the same, whereby it was agreed between the said plaintiff and his said attorney, W. S. Jones, on the one part, and the defendant, on the other, that in consideration of the putting in of the whole of the crop portions of the said land and premises to corn, or practically the whole thereof, instead of to other grain, the said plaintiff agreed with the defendant that, in case the said corn crop for said season of 1902 should be practically a failure, then that such rentals otherwise accruing under said lease should be deemed to be fully paid and satisfied, and that in pursuance of said agreement the defendant did so crop the said lands and premises to corn in a good and husbandlike manner, but that said crop wholly failed and was entirely destroyed, and by reason thereof the said crop failed to mature without any fault on the part of the defendant, and that thereafter

the defendant and the said W. S. Jones and the said plaintiff here-
in had a full settlement of all matters arising under the said lease,
and the same was fully paid, canceled, and satisfied so far as the
same had any application to the defendant.  On the trial of said
cause the defendant offered testimony tending to prove the agree-
ment set up in his answer, which was objected to by the appellants
as incompetent, irrelevant, and inadmissible under the pleadings
and not binding on the plaintiff, that the terms of the written lease
could not be changed or modified by evidence of an executory oral
agreement, and that said agreement was without consideration and
not binding on the plaintiff.  These objections were overruled, to
which the plaintiff excepted.  The defendant offered further testi-
mony tending to prove that the corn crop grown by the defendant
on said farm during the year 1902 was destroyed by a frost in the
month of August of that year, and that the said Jones admitted
that said corn crop was a failure.  Similar objections were inter-
posed to this evidence and overruled by the court, and the court
in its charge to the jury submitted to them the question as to
whether or not there had been such a change as that claimed by the
defendant of the original contract of leasing.

It is alleged by the appellant that the admission of this evi-
dence on the part of the defendant was error, and also that the
court's charge to the jury in submitting the question of the oral
contract to the jury constituted error.  It is contended by the ap-
pellant: (1) that the contract is not maintainable at law as an
executed contract, that it is not sufficiently definite and certain as
to its terms and conditions, and is not such as can be rendered
certain by extrinsic evidence; (2) that the oral agreement sought
to be established was without legal consideration and therefore
void; (3) that the contract which the defendant seeks to establish
is void by the express provisions of the statute of this state, which
provides that, "a contract in writing may be altered by a contract
in writing or by an executed oral agreement and not otherwise,"
and that the agreement alleged to have been made in the spring of
1902 was neither a contract in writing nor an executed oral agree-
ment, and hence it cannot have the effect of modifying the written
lease.  We are unable to agree with counsel for the appellant in

these contentions. The defendant under his lease had the right to plant and sow upon the land such crops as he might deem proper, and when therefore, upon the request of the plaintiff, he consented to forego the privileges thus conferred by the lease, and planted all of the available land to corn, and did in fact execute the agreement on his part, a clear case within the provision of the statute authorizing a contract to be altered by an executed oral agreement was shown.

The contention of the appellant that the contract was too vague and uncertain to be regarded as a valid and binding contract, we think, is not sustained by the record in this case. As we have seen the contract was that if the defendant would plant practically all of the premises to corn, and there should be a failure of the crop, his rent for the year should be canceled. This contract in our opinion is not uncertain or ambiguous, but is clear and definite

The further contention that there was no consideration for the oral contract is clearly untenable. The defendant, as before stated, as a consideration for the agreement on the part of the plaintiff, waived his right, which he had under the lease, to crop the land in such manner as he might deem proper, and planted it practically all to corn, as requested by the plaintiff's agent. This constituted, in our opinion, a good consideration for the contract, and when the contract was canceled by the plaintiff the same was fully executed. The defendant offered testimony tending to prove that on October 3, 1902, the plaintiff and the said defendant made and had a settlement for the said rent of 1902 by the release of said rent on the part of the said plaintiff, in which said settlement the plaintiff stated: "We will just cut out the 1902 rent, and I will make you a new lease for 1903. We will do just like you and W. S. Jones agreed to do. I will stay by what he told you. We will let the 1902 rent be canceled, and I will make you a new lease." And he further testified that in the course of said settlement he stated the terms of the contract to the plaintiff that he had made with the said W. S. Jones in the spring of 1902. In Mackenzie v. Hodgkin, 126 Cal. 591, 59 Pac. 36, the Supreme Court of California, as appears by the headnote, held that "an executed oral agreement, which may be proved for the purpose

of altering a previous written contract, must consist in the doing or the suffering of something not required to be done or suffered by the terms of the writing"; and this view seems to be sustained by the great weight of authority. See Harris v. Murphy, 119 N. C. 34, 25 S. E. 708, and the notes of the learned annotator thereto; McClay v. Gluck, 41 Minn. 193, 42 N. W. 875. The oral contract in the case at bar was long subsequent to the execution of the lease, and was an agreement by which the defendant was to perform certain acts not required by the terms of his lease or by the general law. Of course, where a party agrees to do or perform certain acts which he is required to do or perform by the terms of his original contract, there is no consideration for the new oral agreement. The rule in that respect is thus stated in Pollock on Principles of Contracts, 161, as follows: "Neither the promise to do a thing, nor the actual doing of it, will be a good consideration, if it is a thing which the party is bound to do by the general law, or by a subsisting contract with the other party." Clearly under the pleadings and evidence in the case at bar the defendant did perform an act which he was not required to perform by either the terms of his lease or under the general rules of law, and in our opinion there was ample consideration to support the oral agreement.

We have examined the authorities cited on the part of the appellant, and find that all of them, or nearly all of them, come within the principle of the rule laid down by Pollock, and the consideration in those cases was held insufficient for the reason that the party in complying with his new or oral contract was simply doing what he was required to do under the terms of his original contract, or which the law required him to do in the execution of that contract. The cases illustrating the rule applicable to that class of cases is very fully discussed in Vanderbilt v. Schreyer, 91 N. Y. 392.

It is quite clear therefore that there was a good consideration for the contract, that the same was assented to by the plaintiff, that the contract was fully executed by the defendant by planting substantially all of the land leased to corn, that the crop was practically destroyed by the frost in August, 1902, and that sub-

sequenty thereto the plaintiff fully assented to the cancellation of all claim for rent for that year. If the jury believed this testimony of the defendant, and it is quite apparent from their verdict that they did, they were fully justified under the evidence in eliminating from plaintiff's claim the item of rent of $600 for the year 1902, for the reason that under the evidence a fully executed oral contract changing and modifying the original lease was shown.

In the view we take of the case at bar therefore the court committed no error in overruling plaintiff's objections to the evidence offered on the part of the defendant or in its charge to the jury in reference thereto.

The judgment of the court below and order denying a new trial are affirmed.