# SAGE *v.* HAMPE.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 82. Argued November 12, 13, 1914.—Decided November 30, 1914.

Where plaintiff in error was·defendant in the state court in a suit upon a contract to convey Indian allottee lands and relied as a defense upon an act of Congress making the conveyance invalid, he is entitled to come to this court. *Nutt* v. *Knut,* 200 U. S. 12.

While one may contract that a future·event shall come to pass over which he has no, or only a limited, power, *Globe Refining Co.* v. *Landa Cotton Co.*, 190 U. S. 540, he is not liable for non-performance of, nor can he be compelled to perform, a contract that on its face requires an illegal act either of himself or of a third party.

A contract that invokes prohibited conduct makes the contractor a contributor to such conduct. *Kalem Co.* v. *Harper Bros.*, 222 U. S. 55.

A contract tending to bring to bear improper influence upon an officer of the United States and to induce attempts to mislead him is contrary to public policy and non-enforceable.

The protection of the Indians in their title to allotments is the policy of the United States and one that the States cannot regard or disregard at will.

Where a contract affecting Indian lands might be held unenforceable as a matter of common law, but this court construes a Federal statute

broadly so as to include such a contract within its prohibitions, this court has jurisdiction to review under § 237, Judicial Code.

The United States can make its prohibitions on alienation of Indian allotments binding upon others than Indians to the extent necessary to carry out its policy of protecting the Indians in retaining title to the land allotted to them.

87 Kansas, 536, reversed.

THE facts, which involve the validity of a contract for sale of allotted Indian lands during the period of restriction on alienation, are stated in the opinion.

*Mr. Lee Monroe,* with whom *Mr. Edwin A. Austin, Mr. W. S. Roark* and *Mr. Carr W. Taylor* were on the brief, for plaintiff in error:

A losing party to a suit who insists that the judgment therein cannot be rendered against him consistently with a given statute of the United States should be held, within the meaning of § 237, Judicial Code, to claim such a right and immunity under such statute, as to confer jurisdiction upon this court to review an adverse final judgment of the highest state court in such suit. *Nutt* v. *Knut,* 200 U. S. 12, 19; *Ill. Central R. R. Co.* v. *McKendree,* 203 U. S. 514, 525; *Eau Claire Nat. Bank* v. *Jackman,* 204 U. S. 522, 532; *Straus* v. *Am. Publishers Assn.,* 231 U. S. 222, 233; *Anderson* v. *Carkins,* 135 U. S. 483; *Logan Bank* v. *Townsend,* 139 U. S. 67, 73; *McNulta* v. *Lockridge,* 141 U. S. 327, 331; *McCormick* v. *Market Bank,* 165 U. S. 538, 546; *Hammond* v. *Whittredge,* 204 U. S. 538, 547; *St. L. & Iron Mt. Ry. Co.* v. *Taylor,* 210 U. S. 281, 293; *Kansas City Ry.* v. *Albers Com'n Co.,* 223 U. S. 573, 591; *St. L. & Iron Mt. Ry. Co.* v. *McWhirter,* 229 U. S. 265; *Monson* v. *Simonson,* 231 U. S. 341, 345.

A contract to convey Indian lands prior to the removal of the statutory restrictions upon their alienation is void and no recovery can be had thereon by either party. *Hampe* v. *Sage,* 87 Kansas, 536, 546 (Dissenting Opinion);

*Goat* v. *United States*, 224 U. S. 458, 470, 23 Cyc. 341; *Lamb* v. *James*, 87 Texas, 485; *Franklin* v. *Lynch*, 233 U. S. 269, 273; *Starr* v. *Long Jim*, 227 U. S. 613, 625; *Bledsoe* v. *Wortman*, 35 Oklahoma, 261; *Bowling* v. *United States*, 233 U. S. 528; Clark on Contracts, 2d ed., p. 134; Bishop on Contracts, § 471; *Larson* v. *First Nat. Nank*, 62 Nebraska, 303; *Williams* v. *Steinmetz*, 16 Oklahoma, 104; *Kelly* v. *Harper*, 7 Ind. Ter. 541; *Sayer* v. *Brown*, 7 Ind. Ter. 675; *Dupas* v. *Wassell*, Fed. Cas. No. 4182; *Mayes* v. *Live Stock Assn.*, 58 Kansas, 712; *Light* v. *Conover*, 10 Oklahoma, 732; *Muskogee Land Co.* v. *Mullins*, 165 Fed. Rep. 179; *Beck* v. *Flournoy Co.*, 65 Fed. Rep. 30.

The restrictions upon the alienation of the Indian lands involved herein had not been removed at the date of the contract for the sale thereof. *Monson* v. *Simonson*, 231 U. S. 341, 346; *Trist* v. *Child*, 21 Wall. 448, 452; *Meguire* v. *Corwine*, 101 U. S. 108; *McNutten* v. *Hoffman*, 174 U. S. 639, 654.

The description of the lands in question contained in the contract sued on was insufficient to relieve it from the operation of the statute of frauds, and the reception of parol evidence to supply such description denied the effect of the Indian Allotment Act. *Williams* v. *Morris*, 95 U. S. 444; *Bayne* v. *Wiggins*, 139 U. S. 210; *Hampe* v. *Sage*, 82 Kansas, 728, 733; *Halsell* v. *Renfro*, 14 Oklahoma, 674; *Price* v. *Hays*, 144 Kentucky, 535; *Schreck* v. *Moyse*, 94 Mississippi, 259; Benjamin on Sales, 6th Am. ed., p. 209, note; 20 Cyc. 278; *Johnson* v. *Buck*, 35 N. J. L. 338; *Walker* v. *Fleming*, 37 Kansas, 171.

*Mr. A. M. Harvey*, with whom *Mr. J. B. Larimer, Mr. J. E. Addington* and *Mr. W. H. Thompson* were on the brief, for defendant in error:

This court is without jurisdiction to consider or determine the questions sought to be raised by him on such appeal, and no Federal question is presented by the tran-

script of the record for the consideration of this court. A decision as to the validity and application of the Federal statute sought to be invoked was not necessary to a determination of the cause. *California Powder Works* v. *Davis,* 151 U. S. 389, 393; *Schuyler Bank* v. *Bollong,* 150 U. S. 85; *Eustis* v. *Bolles,* 150 U. S. 361; *Gillis* v. *Stinchfield,* 159 U. S. 658; *Mo. Pac. Ry.* v. *Fitzgerald,* 160 U. S. 556; *Seneca Nations* v. *Christy,* 162 U. S. 283; *Dibble* v. *Bellingham Bay Co.,* 163 U. S. 63; *Harrison* v. *Morton,* 171 U. S. 38; *Pierce* v. *Somerset,* 171 U. S. 641; *McQuade* v. *Trenton,* 172 U. S. 636; *Seeberger* v. *McCormick,* 175 U. S. 274; *Seaboard Air Line Ry.* v. *Duvall,* 225 U. S. 477.

The opinion of the Supreme Court of Kansas shows that the judgment appealed from was expressly rendered upon considerations other than of the Federal statutes sought to be invoked as the basis for this appeal. *Hampe* v. *Sage,* 87 Kansas, 536, 543; *Trust Co.* v. *McIntosh,* 68 Kansas, 452, 462; *Maddux* v. *Simonson,* 83 Kansas, 325, 327; *Krhut* v. *Phares,* 80 Kansas, 515; *Robertson* v. *Talley,* 84 Kansas, 817; 29 Am. & Eng. Encyc., 2d ed. 667.

The admission and declaration of plaintiff in error that this land had been sold prior to the expiration of 25 years from the date of the allotment, is conclusive that the restrictions had been removed, as provided by the acts of Congress. 28 Stat. 286, 295; 1 Kapp L. & T. 520; Indian Land Laws, § 184, p. 239; 31 Stat. 221, 248; 1 Kapp L. & T. 701; Bledsoe on Indian Laws, § 164, p. 240.

Under the issues raised by the answer of the defendant there was no allegation in the answer, nor any proof offered, that the allottees had not acquired the right to dispose of these lands under the conditions and provisions of the later Acts of Congress, and such objection was not entertained by the Supreme Court of Kansas, and cannot now be entertained in this court. Gen. Stat., Kansas, 1909, par. 5724; 4 Wigmore, par. 2573; *Oliver* v. *State,*

4 L. R. A. 39; *State* v. *Herold*, 9 Kansas, 194, 201; 16 Cyc. 889.

The sufficiency of the terms of the contract as to the description of the lands therein referred to, presents a question of general commercial law which has been finally and conclusively determined by the judgment of the Supreme Court of Kansas in numerous decisions, and such question is not open for consideration by this court. *Bacon* v. *Leslie*, 50 Kansas, 494; *Cummins* v. *Riordon*, 84 Kansas, 791, 795.

This is the general rule. 20 Cyc. 271; 36 Cyc. 593; 29 Am. & Eng. Encyc. 866; *Hurley* v. *Brown*, 98 Massachusetts, 545; *Waring* v. *Ayres*, 40 N. Y. 357; *White* v. *Breen*, 106 Alabama, 159; *Howison* v. *Bartlett*, 147 Alabama, 408; *Bates* v. *Harris*, 144 Kentucky, 399; Wood on Statute of Frauds, § 353; *Mead* v. *Parker*, 115 Massachusetts, 413; *Hayden* v. *Perkins*, 119 Kentucky, 188; 83 S. W. Rep. 128; 26 Law Rep. 1099; *Eisleben* v. *Brooks*, 179 Fed. Rep. 86; *Gray* v. *Smith*, 76 Fed. Rep. 517, 533; *Towle* v. *Coal Co.*, 99 California, 397; *Wilcox* v. *Souka*, 119 S. W. Rep. 445; *Flegel* v. *Dowling* (Or., 1909), 102 Pac. Rep. 178.

It must be presumed that the contract was legal. *Craft* v. *Bent*, 8 Kansas, 328; *McBratney* v. *Chandler*, 22 Kansas, 692.

Plaintiff in error did not offer proof sufficient to establish a defence under the acts of Congress and plaintiff in error is not an Indian, and even if the lands in question were not subject to sale, which was not shown and is not a fact, he is liable to the defendant in error. 9 Cyc. 551, 554, 570; 16 Cyc. 889; 4 Wigmore on Evidence, par. 2573; *Oliver* v. *Alabama*, 4 L. R. A. 33n.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the defendant in error (Hampe) to recover damages for breach of a contract to

purchase certain land and to convey to the plaintiff certain other land of greater value. The answer alleges that the land to be conveyed by the defendant, (Sage) was Indian land not belonging to him but allotted and patented to members of the Pottawatomie Tribe, under the Act of Congress of February 8, 1887, c. 119. 24 Stat. 388. By § 5 of that act any conveyance or contract touching such land within twenty-five years from the date of the allotment and trust patent was made null and void, and it is alleged that the period had not expired and had not been abrogated at the date of the contract. Evidence was offered to prove the facts alleged but was excluded subject to exception. It is unnecessary to set forth the contract more particularly, because, whatever doubts might be felt whether it was or could be shown to be a contract for specific land, the case was tried on the footing that it was such a contract, and the breach and the damages, so far as we can judge, both depended on that view. The Supreme Court of Kansas was of the same opinion and held that notwithstanding the character of the land contracted for and the statute, the defendant, being a stranger to the allotment, was bound by his contract so far as to be liable in damages at law. 87 Kansas, 536.

The defendant relied upon the Act of Congress as a defence and is entitled to come to this court. *Nutt* v. *Knut*, 200 U. S. 12. With regard to that defence no doubt it is true that a man may contract that a future event shall come to pass over which he has no, or only a limited power. *Globe Refining Co.* v. *Landa Cotton Oil Co.*, 190 U. S. 540, 545. And we assume in accordance with the decision of the Kansas courts that the principle applies to contracts for the conveyance of land that the contractor does not own. But that principle is not enough to dispose of the case, even if, subject to what we have to say hereafter, the universality of the invalidating language of the statute ('any contract') be confined to

contracts by the owners of the land. A contract that on its face requires an illegal act, either of the contractor or a third person, no more imposes a liability to damages for non-performance than it creates an equity to compel the contractor to perform. A contract that invokes prohibited conduct makes the contractor a contributor to such conduct. *Kalem Co.* v. *Harper Brothers*, 222 U. S. 55, 63. And more broadly it long has been recognized that contracts that obviously and directly tend in a marked degree to bring about results that the law seeks to prevent cannot be made the ground of a successful suit. *Providence Tool Co.* v. *Norris*, 2 Wall. 45; *Trist* v. *Child*, 21 Wall. 441; *Oscanyan* v. *Winchester Repeating Arms Co.*, 103 U. S. 261; *Fuller* v. *Dame*, 18 Pick. 472. It appears to us that this is a contract of that class. It called for an act that could not be done at the time and it tended to lead the defendant to induce the Indian owner to attempt what the law for his own good forbade. Such contracts if upheld might be made by parties nearly connected with the Indian and strongly tend by indirection to induce him to deprive himself of rights that the law seeks to protect.

It is true that later statutes in force when the contract was made allowed a conveyance with the approval of the Secretary of the Interior. Act of August 15, 1894, c. 290; 28 Stat. 286, 295. Act of May 31, 1900, c. 598, § 7; 31 Stat. 221, 247. The Kansas court laid these statutes on one side, and in our view also they do not affect the case. The purpose of the law still is to protect the Indian interest and a contract that tends to bring to bear improper influence upon the Secretary of the Interior and to induce attempts to mislead him as to what the welfare of the Indian requires are as contrary to the policy of the law as others that have been condemned by the courts. *Kelly* v. *Harper*, 7 Ind. Terr. 541. See *Larson* v. *First National Bank*, 62 Nebraska, 303, 308.

The only doubt open in the present position of the case is whether the ground upon which we hold the contract unenforceable is not a matter of common law, which we may think that the Kansas courts ought to apply but which is not open to review here.  The case at first sight seems like those in which a State decides to enforce or not to enforce a domestic contract notwithstanding or because of its tendency to cause a breach of the law of some other State.  *Graves* v. *Johnson*, 179 Massachusetts, 53, 156 Massachusetts, 211.  But the policy involved here is the policy of the United States.  It is not a matter that the States can regard or disregard at their will.  There can be no question that the United States can make its prohibitions binding upon others than Indians to the extent necessary effectively to carry its policy out, and therefore, as on the grounds that we have indicated the contract contravenes the policy of the law, there is no reason why the law should not be read, if necessary, as broad enough to embrace it in terms.

*Judgment reversed.*