PHILBRICK, Appellant v. LANDIS et al., Respondents

(86 N.W.2d 392)

(File No. 9636. Opinion filed December 2, 1957)

**Hitchcock, Nichol & Lassegard,** Mitchell, for Plaintiff and Appellant.

**Herschel V. Melcher,** Chamberlain, for Defendants and Respondents.

SMITH, P. J.   The plaintiff prays for specific restitution of his title to a described tract of Buffalo county land on the ground that his conveyance of the same to defendants was delivered in partial performance of an indivisible, illegal and void contract.   A trial to the court resulted in a judgment dismissing plaintiff's complaint and he has appealed.

Philbrick, the plaintiff, is of mixed Indian blood, and is enrolled as a member of the Crow Creek Tribe at Fort Thompson, South Dakota.   The defendants are non-Indians.

In October 1951 Philbrick was the owner in fee simple of the Southeast Quarter of Section 35, Township 106, North of Range 71, Buffalo County, South Dakota. Philbrick's right to convey this property was not subject to restriction.   A one hundred fifty acre portion of that tract is the subject of this litigation.

At the same time the United States held eighty acres of the Southwest quarter of the above described section in trust for Philbrick as an Indian allottee as provided by Chapter 9, 25 U.S.C.A. At that time Philbrick also had under lease from the Department of the Interior the Northeast quarter of the above described section, and he was then negotiating through the Department to purchase that tract from the heirs of an Indian named Speaks While Walking for a purchase price of $600. This last described quarter was also allotted land and was held in trust by the United States for the heirs of Speaks While Walking.

On the 18th day of October 1951 Philbrick, as party of the first part, and defendants, as parties of the second part, entered into a contract including provisions as follows:

"Witnesseth, that the party of the first part, for and in consideration of One Thousand Dollars ($1000.) now received by the party of the first part, and upon the express conditions, which are hereby declared conditions precedents, that the parties of the second part, * * * shall well and faithfully perform the covenants hereinafter mentioned, do hereby * * * covenant and agree to execute and deliver to said parties of the second part, a Warranty deed (with abstract showing clear and merchantable title) of the Southeast Quarter (SE¼) Section Thirty-five (35), Township One hundred six (106), Range Seventy-one (71) less 10 Acres (10A) in the SE corner of said Quarter at Thirty Dollars ($30.) per acre and South Half Southwest Quarter and Northeast Quarter (S½ SW¼ & NE¼) Section Thirty-five (35), Township One hundred six (106), Range Seventy-one (71), Buffalo County, South Dakota at Twenty Dollars per acre. Payment of the balance to be made as follows:

"First—To pay the first party * * the further sum of Eighty-three Hundred Dollars ($8300.) as soon as first party is able to secure patent for the S½ SW¼ & NE¼ Sec 35, Twp 106, Rge 71,

Buffalo County, South Dakota and can furnish Warranty deed and abstract (showing clear and merchantable title of * * *" (then the legal description of all of the above described property is repeated.)

Early in November following the making of the contract there was further talk between Philbrick and James Landis which resulted in an arrangement for an immediate settlement dealing solely with the 150 acres first described. Pursuant thereto the original $1,000 payment was applied on the purchase of the 150 acres at a price of $30 per acre, and Landis paid Philbrick the balance of $3,500. Thereupon Philbrick deeded the 150 acres to defendants.

Because of the assumption we indulge as the basis of the views we shall presently express, we do not outline other facts and circumstances revealed by the evidence.

The action was commenced in September 1955. The theory of the complaint is that the circumstances of the making of the described contract, and its phrasing and terms impel a conclusion that the parties intended it to be indivisible; and that applicable statutes rendered it illegal and void as a whole because firstly, it dealt with allotted Indian lands held in trust by the United States for allottees, and secondly, the plaintiff was fraudulently "induced" by defendant James Landis to execute the same while in a highly intoxicated condition.

After considering conflicting testimony the trial court decided plaintiff had been the moving spirit in promoting the sale of his holdings to defendants, and refused to find either that James Landis "induced" plaintiff to make the contract or that plaintiff was highly intoxicated when it was made. These findings are not in issue here. The court expressed the view the contract was divisible as originally made. Alternatively it decided that the parties by their subsequent dealings interpreted the contract as divisible and effected a severance thereof by executing a lawful purchase and sale of the 150 acres of unrestricted land for a consideration of $4,500. We deem the court's alternative view to be persuasive and controlling.

The contention that the contract is illegal and void is predicated on federal statutes. It is provided in substance by 25 U.S.C.A. § 348 that a contract "touching" allotted Indian lands made during ths period while such land is held in trust for an allottee "shall be absolutely null and void". Cf. Colombe v. Wilson, 29 S.D. 49, 135 N.W. 668, Ann.Cas. 1914C, 894. And by § 202 of 25 U.S.C.A. it is also made a misdemeanor subject to penalty "to induce" any Indian to execute such a contract, and to offer it for record in the office of any recorder of deeds.

■ The object of a contract is the thing which it is agreed, on the part of the party receiving the consideration, to do or not to do. SDC 10.0401. Where a contract has but a single object, and such object, is unlawful, whether in whole or in part, the entire contract is unlawful. SDC 10.0403. Where a contract has several distinct objects, one or more of which are lawful and one or more of which are unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest. SDC 10.0404.

■ We choose to first dispose of a final contention of plaintiff. Although his principal contention is that the contract is entire and illegal, we are told finally that whether it is divisible or entire, it is rendered absolutely null and void as a whole by § 348, 25 U.S.C.A.,supra, because it is a contract "touching" Indian trust lands. Counsel have cited in support of that view Sage v. Hampe, 235 U.S. 99, 35 S.Ct. 94, 59 L.Ed. 147; Monson v. Simonson, 231 U.S. 341, 34 S.Ct. 71, 58 L.Ed. 260; United States v. Brown, 8 Cir., 8 F.2d 564; and United States v. Walters, D.C., 17 F.2d 116. These decisions do not so hold and we have found no case dealing with the point.

In our opinion, such was not the intention of the Congress. Its manifest purpose was to make it impossible for an Indian allottee to sell, convey, or in any wise encumber trust lands during the continuance of the trusteeship. To effectuate that purpose completely more was not needed than to nullify contracts and conveyances in so far as they deal with such lands. An interpretation which would cause the cited statute to strike down a lawful portion of a contract because contained therein is an in-

dependent and separable agreement dealing with such trust lands, and thus render inapplicable the generally accepted rule made statutory by SDC 10.0404, supra, would we believe outrun the intention of the Congress. We hold the contention untenable, We return to a consideration of plaintiff's main contention.

■ Solely for the purposes of our consideration of this case, and without so deciding, we assume the circumstances which gave birth to this contract, and its provisions are such as to impel a finding that the parties had a single contractual object in mind, viz., the transfer of the described body of land as a whole for a consideration of $9,300 and hence that they intended their contract to be indivisible. And we assume, because of the federal statutes cited supra, that this single object of their contract is unlawful in part, and therefore the whole contract is void. SDC 10.0403.

However, the parties were not without power to modify their contract. A contract in writing may be altered by an executed oral agreement. SDC 10.0806; Jones v. Longerbeam, 22 S.D. 625, 119 N.W. 1000. And it has been held that a contract which at its inception was entire may be severed in its performance. 17 C.J.S. Contracts § 289 c., p. 679. We turn to the uncontradicted testimony of the parties.

Within a few days of its making the contract was recorded in the office of the register of deeds of Buffalo county. Philbrick testified that shortly after the contract was recorded the Department notified him he was ineligible to buy the Speaks While Walking quarter and returned his $600 deposit. From Landis' testimony we quote the following questions and answers: "Q. So far as you knew, he had a right to sell all the land put in the contract? A. He talked as though he could get a patent pretty quick. I didn't know how long, but he figured it wouldn't take long.

"Q. Was anything said about him owning this southeast quarter and selling that and he would get the other? A. Well, after he didn't—when he couldn't I said, 'Well, we'll just make a deal on this quarter. I'll pay for that, and when you get the other, I'll pay you for that.'

"Q And you paid him the balance of the money and he accepted and gave you a deed? A. Yes. * * *

"Q. How come he gave you the deed to this one quarter and not the rest of it, if you settled on that? A. He admitted he couldn't make a deal on the other until he got it, that is, permanent, so we settled up. He wanted this money, and I couldn't let him have money on something he didn't have, * * *."

According to the oral understanding, each of the parties agreed to do that which they were not bound then to do by their original written agreement. Cf. Jones v. Longerbeam, supra. They thus orally arranged and executed a separate purchase and sale of the 150 acres. In our opinion, by so doing, they severed their original contract, and thereby legalized the purchase and sale of that separate acreage.

We hold the plaintiff never acquired a cause of action for the restitution of the 150 acres.

The judgment of the trial court is affirmed.

All the Judges concur.