**WAGAR LUMBER COMPANY, a corporation in dissolution, and F. H. Hulbert, Sr., its liquidating trustee, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 2412.**

United States District Court
W. D. Washington, S. D.

Feb. 23, 1960.

Bogle, Bogle & Gates, Edward G. Dobrin and George N. Prince, Seattle, Wash., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Rufus E. Stetson, Jr., and Thomas A. Frazier, Jr., Attys., Dept. of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., Seattle, Wash., and Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for the United States.

BOLDT, District Judge.

This is an action for recovery of income and excess profits taxes and interest thereon assessed and collected over protest from plaintiff corporation for the fiscal year ending September 30, 1951. The facts are well stated in the pretrial order and are not in dispute.

The issue presented is whether plaintiff corporation acquired its contract right to cut timber in the Boulder Creek Logging Unit of the Quinault Indian Reservation, Grays Harbor County, Washington, before April 1, 1950. In so contending plaintiff asserts that written contract No. 101–Ind–1746 signed on April 5, 1950 by the Assistant Secretary of the Interior, was only a memorial of a prior acquired contract right. If the contract right to cut timber was acquired before April 1, 1950, the 6 months' holding requirement of Int.Rev.Code 1939 § 117(k) (1), 26 U.S.C.A. § 117(k) (1), was met and plaintiff was entitled to capital gains treatment on income from the sale of logs cut under the contract. Otherwise the 6 months' requirement was not fulfilled and the sales receipts in question would be ordinary income and taxable as such.

No element of discretion is provided or permitted in determining the existence in any case of the element now in question of Int.Rev.Code of 1939 § 117(k) (1). To entitle a taxpayer to the tax benefits of the cited section he must establish in fact and in law his holding of the contract right to cut timber for the full six months required. Either one less day of holding or anything short of a legally enforceable right to cut timber is fatal.

Between October 1948 and April 1950, individual Indian allottees authorized the superintendent of the Taholah Indian Agency, Hoquiam, Washington, to contract for the sale of timber from their respective allotments in accordance with 25 U.S.C.A. § 406. These allotments were assembled in a tract designated as the Boulder Creek Logging Unit. On March 17, 1949 the Assistant Secretary of the Interior with jurisdiction over Indian affairs called for bid for the merchantable timber within the Boulder Creek Logging Unit. The auction was held on May 25, 1949, but no bids were received. On January 27, 1950 plaintiff corporation expressed interest in buying the merchantable timber in the Boulder Creek Logging Unit. On February 3, 1950 the Indian Service advised plaintiff corporation that the Secretary of Interior might be willing to sell the timber by negotiation with plaintiff, on the terms and conditions of the auction held on May 25, 1949, but without readvertisement or further auction. The plaintiff corporation submitted a written offer to the Taholah Indian Agency.

On February 10, 1950 the Commissioner of Indian Affairs brought plaintiff corporation's offer to the attention of the Secretary of the Interior by a memorandum, which recommended that the sale of the Boulder Creek Logging Unit be negotiated without readvertisement, notwithstanding General Forest Service regulations, and that plaintiff be notified to submit a formal proposal, make the required deposit, and submit an executed contract for consideration of the Secretary of the Interior. The Acting Secretary of the Interior signed approval of this memorandum on March 1, 1950. On March 3, 1950 plaintiff submitted a formal proposal and deposited with the Superintendent of the Indian

Agency a certified check for $7,500. On that date, Fred H. Hulbert, Jr., secretary and manager of plaintiff corporation, executed contract No. 1–101–Ind–1764 for the purchase of the timber and attached thereto certified copy of his corporate authority to act for plaintiff. The superintendent forwarded copies of these documents to the Commissioner of Indian Affairs.

On March 7, 1950 Mr. Skarra of the Taholah Indian Agency forwarded to the Commissioner a certified copy of the articles of incorporation of plaintiff and advised that plaintiff was prepared to post $25,000 bond. On March 13, 1950 plaintiff was requested to submit its securities, bond and certified corporation by-laws, which were provided on March 22, 1950. On April 5, 1950 William E. Narre, Assistant Secretary of the Interior, approved contract No. 1–101–Ind–1764 subject to countersigning by A. R. Wagar, president of plaintiff corporation. Mr. Wagar countersigned April 8, 1950.

■ Where the government follows a procedure of advertising for and receiving bids, one of which is accepted, and thereafter presents formal written contracts for execution by the parties, it is well settled that the contract is effected when the successful bidder has been notified of his award, all subsequent steps being merely formal or ministerial. See Garfielde v. United States, 1876, 93 U.S. 242, 23 L.Ed. 779 and United States v. Purcell Envelope Co., 1919, 249 U.S. 313, 39 S.Ct. 300, 63 L.Ed. 620.

■ Plaintiff contends that the action of the Acting Secretary of Interior on March 1, 1950 approving the memorandum above referred to, when communicated to plaintiff advised that plaintiff was the apparent high bidder and amounted to notification that plaintiff's proposal had been accepted. The memorandum itself makes it clear that the acting secretary did not express or intend approval of the terms of plaintiff's proposal to purchase timber.[1] He merely approved a recommendation for an exception permitting open negotiation with plaintiff without the necessity of readvertisement and auction as required by Forest Service regulations. The cited cases thus do not apply to the facts of the present case. On approval of the exception it was proposed that the Wagar Lumber Company be notified to submit a proposal and executed contract for consideration and submission to the Secretary of Interior. The wording of the memorandum indicates that action on the proposal to be submitted by Wagar would not occur until a future date, that is, after submission to and consideration by the Secretary. Under the circumstances, plaintiff did not acquire the contract right to cut timber until the contract signed by plaintiff was submitted to and approved by the Secretary. That occurred on April 5, 1950 which is the date from which the statutory holding period must be computed. Counted from that date plaintiff's holding is several days short of the required six months.

■ Plaintiff contends that the Secretary's approval on April 5, 1950 related back to March 3, 1950 when the proposed contract was signed by plaintiff and the superintendent of the Taholah Indian agency citing Pickering v. Lomax, 1892, 145 U.S. 310, 12 S.Ct. 860, 36 L.Ed. 716; Lomax v. Pickering, 1899, 173 U.S. 26, 19 S.Ct. 416, 43 L.Ed. 601; Lykins v. McGrath, 1902, 184 U.S. 169, 22 S.Ct. 450, 46 L.Ed. 485; Harris v. Bell, 1920, 254 U.S. 103, 41 S.Ct. 49, 65 L.Ed. 159; Anchor Oil Co. v. Gray, 1921,

---

[1]. The memorandum read: " * * * It is believed it would be in the interest of the Indian owners to negotiate such sales without readvertising. Accordingly it is recommended that an exception be made to Section 61.14, Title 25, CFR to permit open market sales of the unsold timber units on the Quinaielt Reservation within one year from the date of the auctions, on the same terms, conditions and prices as originally advertised in 1949. * * *

"If the exception requested is approved, it is proposed to notify the Wagar Lumber Company to submit a formal proposal for the Boulder Creek Unit, the required deposit, and executed contract for consideration and submission to you."

256 U.S. 519, 41 S.Ct. 544, 65 L.Ed. 1070; Hallam v. Commerce Mining & Royalty Co., 10 Cir., 1931, 49 F.2d 103; United States v. Getzelman, 10 Cir., 1937, 89 F.2d 531; cf. Barnett v. Kunkel, 8 Cir., 1919, 259 F. 394. These cases deal with formal consent of the Secretary of Interior to the sale or lease of Indian lands relating back to the date of execution of the deed or lease. Such rule is applied to protect the grantee or lessee against potential intervening rights of heirs, devisees, grantees, lessees or encumbrancers with notice. The policy basis for the cited rule is wholly absent in the application of Int.Rev.Code of 1939 § 117(k) and the legal fiction of relation back ought not to be invoked to extend the holding period prescribed by that statute.

The determination of the Commissioner that plaintiff was not entitled to capital gains treatment under Int.Rev.Code of 1939 § 117(k) was proper and this action must be dismissed. It is so ordered.