Edwin E. **LAWRENCE**, Carolee Lawrence, Appellants,

v.

**UNITED STATES** of America, United States of America, as Trustee, Flora Cruz, Austin Cruz, Appellees.

No. 21210.

United States Court of Appeals Ninth Circuit.

Aug. 17, 1967.

Rehearing Denied Nov. 28, 1967.

Edwin E. Lawrence, in pro. per.

John K. Van De Kamp, U. S. Atty., Los Angeles, Cal., Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, Chief, Appellate Section, John M. Gill, Jr., Atty., Lands & Natural Resources Div., Dept. of Justice, Washington, D. C., Laurence M. Watson, Simpson, Rehkop & Watson, Long Beach, Cal., for appellees.

## OPINION

Before BARNES and BROWNING, Circuit Judges, and SMITH,* District Judge.

RUSSELL E. SMITH, District Judge.

The subject of this litigation is trust patent Indian land. The defendant, Flora Cruz, is the Indian allottee. As to this land the United States is, of course, the trustee for Flora Cruz.

In what might be called the first count (there is no separate statement in the complaint) plaintiffs pray for the specific performance of an oral contract to enter into a long-term lease. The specific performance action is directed to Flora Cruz and the United States as her trustee. Plaintiffs seek damages from Flora Cruz in the sum of one hundred thousand dollars if specific performance is granted, and one million dollars if it is not.

In what we denominate the second count plaintiffs rely upon the Federal Tort Claims Act seeking damages against the United States because of the negligent refusal of employees of the United States to execute permits which would permit the plaintiffs to occupy a portion of the land described in the specific performance count.

The district court sustained a motion to dismiss the amended complaint; the judgment of dismissal followed. We affirm.

■ The action against Flora Cruz and the United States as trustee fails because the contract sought to be enforced is void. 25 U.S.C., § 348, relating to trust patent land provides, in part:

"And if any conveyance shall be made of the lands set apart and alloted as herein provided, or any contract made touching the same, before the expiration of the time above men-tioned, such conveyance or contract shall be absolutely null and void:
* * * *"

A trust patent Indian may, with the approval of the Secretary of the Interior, make certain leases.[1] There was no Secretarial approval in this case.

■ Plaintiffs contend that since the contract alleged was a contract to enter into a lease, which would be subject to the approval of the Secretary, the Indian could not be overreached because the Secretary would protect her and, as a matter of policy, the Indian should be forced to perform so that it might be determined if the Secretary would approve. The answer to this contention is that Congress used the words "any contract",[2] and a contract to enter into a lease is embraced within the words "any contract" and is therefore void.

Plaintiffs rely upon Anchor Oil Co. v. Gray, 256 U.S. 519, 41 S.Ct. 544, 65 L.Ed. 1070 (1921) and Lykins v. McGrath, 184 U.S. 169, 22 S.Ct. 450, 46 L.Ed. 485 (1902). In each of these cases—different from the one here—there was the requisite Secretarial approval and the only problem was as to its effective date.

Plaintiffs also rely on language in Bacher v. Patencio, 232 F.Supp. 939, at 943 (S.D.Cal.1964), aff'd 368 F.2d 1010 (9th Cir. 1966), which they read as validating a contract if it is expressly conditioned upon approval by the Secretary. We think the court was saying only that the consent of the Indian may precede the approval by the Secretary so long as the latter is forthcoming before enforcement of the contract is sought.

■ As to what we have called the second count, based upon the failure of the employees of the United States to issue permits, the United States has not consented to be sued for claims based

---

* Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

1. 25 U.S.C. §§ 403, 415.

2. Mr. Justice Holmes, in Sage v. Hampe, 235 U.S. 99, 35 S.Ct. 94, 59 L.Ed. 147 (1914) characterized the language of Section 348, supra, in these words: "the universality of the invalidating language of the statute ('any contract') * * *" Supra at 104, 35 S.Ct. at 95.

upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government".[3]

 For the protection of its Indian wards the United States, in dealing with Indian lands, should, when called upon to issue permits for the use of the lands, make all of the judgment determinations natural persons bargaining for the use of the lands would make. Congress did not intend that this exercise of judgment should subject the United States to liability. Any failure here were failures in the area of discretion and there is no liability.[4]

The judgment is affirmed.

---

3. 28 U.S.C. § 2680.

4. See Chournos v. United States, 193 F.2d 321 (10 Cir. 1951), cert. den. 343 U.S. 977, 72 S.Ct. 1074, 96 L.Ed. 1369 (1952); United States v. Morrell, 331 F.2d 498 (10 Cir. 1964), cert. den. Chournos v. United States, 379 U.S. 879, 85 S. Ct. 146, 13 L.Ed.2d 86 (1964).