**RED MOUNTAIN REALTY, INC.,**
**Plaintiff-Appellant,**

v.

**Shirley A. FROST, a/k/a Shirley R.**
**Frost, Defendant-Appellee.**

**No. 82CA0306.**

Colorado Court of Appeals,
Div. I.

Dec. 23, 1982.

Yates & Crane and Alan G. Hill, Durango, for plaintiff-appellant.

Robert N. Miller, U.S. Atty., Richard A. Jost, Asst. U.S. Atty., Denver, for defendant-appellee.

COYTE, Judge.

Plaintiff appeals the judgment of the trial court granting defendant's motion for summary judgment. We affirm.

Defendant Frost is a member of the Southern Ute Tribe. She owned a two-thirds interest in real property which was a portion of Indian Allotment No. 248. The allotment land, part of the Southern Ute Reservation, was subject to a restricted fee requiring the consent and approval of the Secretary of the Interior prior to any alienation of the property as provided for in 25 U.S.C. § 392.

Frost entered into a listing agreement with plaintiff, Red Mountain Realty, granting to it the exclusive right to sell the property. The contract provided that plaintiff was to be paid a commission in the event of any sale or exchange of the property, whether or not the broker was involved, if it occurred within the listing period. The listing contract did not have the consent or approval of the Secretary of Interior.

Defendant eventually sold the property without the involvement of plaintiff during the listing period and refused to pay the commission plaintiff claimed was due under the terms of the contract. Plaintiff brought suit seeking to recover the claimed commission. On cross-motions for summary judgment, the trial court granted judgment

in favor of defendant. The court concluded that enforceability of the listing agreement was governed by the restrictions on the sale of allotments contained in 25 U.S.C. § 348 which states in part:

"And if any conveyance shall be made of the land set apart and allotted as herein provided, or any contract made touching the same, before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void."

Plaintiff argues that the listing agreement was merely a contract for services and as such did not "touch" the land so as to be null and void under 25 U.S.C. § 348 and did not require the prior consent and approval of the Secretary of the Interior pursuant to 25 U.S.C. § 392. We disagree.

The case of *Mann v. Brady,* 80 Okl. 299, 196 P. 346 (1921) is persuasive authority for our holding in this case. In that case, Brady, a Creek Indian, entered into a listing agreement with Mann, a real estate agent, for the sale of his allotment land at a stipulated price per acre. A portion of the allotment was subject to restrictions imposed by Congress which read as follows:

"That all contracts looking to the sale or encumbrance in any way of the land of an allottee, except the sale heretofore provided, shall be null and void. Act Cong. June 28, 1898, c. 517, par. 29, 30 stat. 507."

When Brady refused to pay the commission as provided for in the listing agreement, Mann brought an action against Brady for the amount of the commission alleging that he had procured a purchaser ready, willing, and able to buy the land according to the terms of the contract. The court stated that Brady, as owner of restricted allotment land, could not make a valid contract with reference to the sale of his restricted allotment and held that Mann could not enforce the listing agreement.

The analysis of the court in *Mann v. Brady, supra,* focused upon the unlawful nature of the ultimate objective of the listing agreement, *i.e.,* the conveyance of restricted allotment land, and the policy of the Federal government to protect the Indian and his lands. The court pointed out that where an act is absolutely prohibited by statute or is contrary to public policy, all contracts entered into in furtherance of such acts are null and void. The court stated:

"It would be folly to find a purchaser ready, able and willing to buy the land of an Indian when the government had already decreed by its restrictions that the land could not be alienated. A contract for a real estate agent's commission, made with an Indian, to find a purchaser to buy and part of his restricted lands, is in violation of the policy of the government in dealing with the Indians and cannot be enforced."

The analysis in *Mann v. Brady, supra,* is consistent with the reasoning of Justice Holmes in *Sage v. Hampe,* 235 U.S. 99, 35 S.Ct. 94, 59 L.Ed. 147 (1914), which involved the application of precisely the same federal statute as is involved in this case. In that case, Hampe brought suit to recover damages for breach of a contract to purchase certain land and to convey to him certain other land of greater value. In his defense, Sage alleged that the land to be conveyed by him was in fact Indian land which did not then belong to him and which was subject to the restriction that any conveyance or contract touching such land was null and void. The Supreme Court reversed the decision of the state trial court in favor of Hampe and sustained Sage's defense, concluding that "the universality of the invalidating language of the statute (any contract) .... was broad enough to embrace in its terms the contract in question which itself did not have the direct effect of causing a conveyance in violation of public policy and law.

The court stated:

"A contract that on its face requires an illegal act, either of the contractor or of a third person, no more imposes a liability to damages for nonperformance than it creates an equity to compel the contractor to perform. A contract that invokes prohibited conduct makes the contractor

a contributor to such conduct.... And more broadly it long has been recognized that contracts that obviously and directly tend in a marked degree to bring about results that the law seeks to prevent cannot be made the ground of a successful suit.... It appears to us that this is a contract of that class. It called for an act that could not be done at the time and it tended to lead the defendant to induce the Indian owner to attempt what the law for his own good forbade. Such contracts, if upheld, might be made by parties nearly connected with the Indian and strongly tend by indirection to induce him to deprive himself of rights that the law seeks to protect." *Sage v. Hampe, supra.*

█ The principle to be gleaned from *Mann* and *Sage* is that the language of 25 U.S.C. § 348 is not limited to contracts which have the direct effect of alienating restricted allotment land. Rather, it is broad enough to cover those contracts which have as their ultimate objective, the conveyance of the land contrary to law and public policy.

*Lawrence v. U.S.,* 381 F.2d 989 (9th Cir. 1967) is a recent application of this principle. In that case, the plaintiff sought specific performance of an oral contract to enter into a lease. The lease contemplated by the oral contract would have been void and unenforceable pursuant to 25 U.S.C. § 348. The court held that the oral contract was also void under the statute. The plaintiff in *Lawrence* argued that the oral contract should be enforced without prior approval by the Secretary of the Interior since the contract he sought to enforce was merely a contract to enter into a lease, which lease would be subject to the approval of the Secretary of the Interior and, therefore, the Indian could not be overreached. The court rejected this argument and reasoned that the language of 25 U.S.C. § 348 was broad enough to embrace a contract to enter into a lease as well as the lease itself.

█ A real estate listing agreement is clearly a contract which is inextricably bound to the conveyance of land. The obvi-

ous purpose of such an agreement is to bring about the sale of the land. As such, it is unquestionably a contract that touches land and falls within the purview of 25 U.S.C. § 348. If such a listing agreement is executed in connection with the sale of an Indian's restricted allotment land, such agreement is null and void unless there is a prior approval of the Secretary of the Interior as provided for in 25 U.S.C. § 392.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.